IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MALCOLM SMITH** | ) | |
| **2675 Douglas Road SE** | ) | |
| **Apartment 103** | ) | |
| **Washington, DC 20020** | ) | **Case No.:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| **OFFICER K.A. NICK OF PGCPD** | ) | |
| **in his individual and official** | ) | |
| **capacities** | ) | |
| **1301 McCormick Drive** | ) | |
| **Suite 4100** | ) | |
| **Largo, MD 20774** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFFICER T.R. MILLS OF PGCPD** | ) | |
| **in his individual and official** | ) | |
| **capacities** | ) | |
| **1301 McCormick Drive** | ) | |
| **Suite 4100** | ) | |
| **Largo, MD 20774** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOHN DOE OFFICER OF PGCPD** | ) | |
| **in his individual and official** | ) | |
| **capacities** | ) | |
| **1301 McCormick Drive** | ) | |
| **Suite 4100** | ) | |
| **Largo, MD 20774** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Malcolm Smith, by and through his attorneys, Brian K.

McDaniel, Esq., and The Cochran Firm, CD/CRS brings this action against the Defendants, Officer

K.A. Nick, Officer T.R. Mills and John Doe Officer of the Prince George's County Police Department and alleges the following:

**INTRODUCTION**

1.      On June 16, 2023, the Plaintiff was in the area the 1300 Block of Savanah Place in Southeast Washington D.C. Thereafter Plaintiff Smith became the focus of a police pursuit which led to officers chasing him into a unit building identified as 1381 Savannah Place Southeast, Washington D.C. After being secured by Defendant Officer T.R. Mills (hereinafter "Officer Mills" and while lying face down on the floor of the hallway, Defendant Officer K.A. Nick (hereinafter "Officer Nick") ran up a flight of stairs and struck Plaintiff Smith three times in his face with a closed righthand fist and while Plaintiff Smith was secured by Defendant Officer Mills and Defendant John Doe Officer. After having been struck in his face by Defendant Officer Nick, Defendant Officer Mills and John Doe Officer tased Plaintiff while he was lying face down and on the ground. Plaintiff was detained and unable to protect himself while Defendant Officer Nick violated the use of force protocol by striking him in the face when he did not represent a risk of physical danger to himself or any other law enforcement officer then present. After Plaintiff Smith was struck, tased and handcuffed, Defendant John Doe Officer furthered violated the constitutional rights of the Plaintiff by dragging him down a flight of stairs and outside by his handcuffed hands causing further damage to Plaintiff's legs and feet. All Defendant Officers failed to intercede and preclude the constitutional violations committed by the other Defendant Officers who were participating in the arrest. None of the Defendant Officers stopped the Constitutional Violations perpetrated by the other Defendant Officers or provided assistance to the Plaintiff during the battery. Specifically, Defendant Officer Mills and Defendant John Doe Officer did not stop Defendant Nick while Officer Nick struck Plaintiff in the face several times with a closed righthand

2

fist. Neither did Defendant Officer Nick or Defendant Officer Mills stop Defendant John Doe Officer from dragging the handcuffed Plaintiff down a flight of stairs.

2.     Defendants Officer Nick, Officer Mills and John Doe Officer violated the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States by and through their actions.

## JURISDICTION AND VENUE

3.     This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983, the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and the common law.

4.     This Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

5.     Venue is proper in the District of Columbia because this is where the Plaintiff resides and where the events complained of occurred.

## PARTIES

6.     Plaintiff, Malcolm Smith, (hereinafter referred to as 'Plaintiff') now and at all times relevant to this claim, is an adult resident of the District of Columbia who resides at 2675 Douglas Road SE, Apartment 103, Washington, D.C. 20020.

7.     Defendant, Officer Nick of the Prince George's County Police Department who struck Plaintiff with a closed fist three times in violation of the United States Constitution was at all times an employee/agent of the Prince George's County Police Department and Prince George's County Maryland.

8.      Defendant, Officer Mills of the Prince George's County Police Department who tased Plaintiff Smith while he was lying face down and on the ground and who failed to preclude Officer Mills from striking Plaintiff in the face with a closed fist and failed to preclude John Doe Officer from dragging Plaintiff Smith down a flight of stairs while he was handcuffed is sued herein in his individual and official capacity.

**9.**      Defendant, John Doe Officer of the Prince George's County Police Department who tased Plaintiff Smith while he was lying face down and on the ground and who failed to preclude Officer Mills from striking Plaintiff in the face with a closed fist and who drug Plaintiff Smith down a flight of stairs while he was handcuffed in violation of Plaintiff's Constitution Rights was at all times relevant hereto an employee/agent of the Prince George's County Police Department and Prince George's County Maryland. He is sued herein in his individual and official capacity under a fictitious name because his true name is unknown to the Plaintiff at this time. When Plaintiff learns the identity of the Officer, he will amend his Complaint.

## STATEMENT OF FACTS

10.      On Saturday June 16, 2023, Plaintiff was in the 1300 Block of Savannah Place Southeast when he was chased into an apartment building by officers of the Prince George's County Police Department in regard to allegations stemming from criminal activity in the area.

11.      At or around just after midnight on June 16th, Plaintiff Smith ran into the Apartment Building at 1391 Savannah Place Southeast in an attempt to evade capture by the Prince George's County Police Department Officers who were in pursuit.

12.      Once on the second-floor landing, Plaintiff Smith was stopped by Defendant Officer Mills and Defendant John Doe Officer and placed on the ground with his hands behind his back.

13.    Immediately after Plaintiff Smith was placed face down on the landing floor, Defendant Officer Nick ran up the staircase and began to violently and without provocation strike Plaintiff Smith in the left side of his face with a closed righthand fist, thereby causing significant physical and emotional pain.

14.    Thereafter Defendant Officers Mills and John Doe Officer tased Plaintiff Smith several times with a hand held taser and subsequently placed Plaintiff Smith in handcuffs.

15.    Defendant John Doe Officer continued to use excessive force in the secure of Plaintiff Smith when he grabbed Plaintiff Smith by his cuffed hands, violently lifted him up off of the ground and, without allowing Plaintiff Smith to stand on his feet, drug Plaintiff Smith down the staircase causing his legs to violently impact each of the steps on his shins and his feet.

16.    At the time that Defendant Nick struck the Plaintiff in the face with his closed fist, Plaintiff was not resisting.

17.    At the time that Defendant Officer Nick struck the Plaintiff in the face with his closed fist, Plaintiff had not struck or placed in fear of being struck any of the police officers involved in this matter.

18.    As the Defendant officers restrained and struck the Plaintiff, he repeatedly questioned the officers regarding their conduct and treatment of him.

19.    While Defendant Officer Nick struck Plaintiff, Defendants Officer Mills and John Doe Officer in no way intervened and contrary to their Constitutional responsibility to Plaintiff, allowed the use of Excessive Force by Defendant Officer Nick to continue unobstructed.

20.    After being struck in the face multiple times by Defendant Officer Nick, tased by Defendant Officers Mills and John Doe, and drug down the steps by Defendant Officer John Doe, Plaintiff was placed in a cruiser and transported to the Howard University Hospital.

21.     Upon Plaintiff's arrival at Howard University Hospital, he was examined and prescribed medication to treat the injuries to his face and legs.

22.     While at Howard University Hospital receiving treatment, the Plaintiff was under constant police custody and was not free to leave. The police officers wore police uniforms and had firearms.

23.     Defendant Officers Nick, Mills and John Doe acted intentionally and/or recklessly and with deliberate disregard for Plaintiff's constitutional and common law rights, and in intentional or reckless disobedience of the Prince George's County Police Department's policies and regulations.

24.     The use of unreasonable and/or excessive force by the Defendant Officers Nick, Mills and John Doe is subject to specific regulations including the Spectrum of Force and the Use of Force Continuum.

25.     No reasonable police officer could have believed that there was a need to strike Plaintiff Smith several times with a closed fist when he was already subdued and lying face down with another officer restricting his movement.

26.     Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Defendant Officers Nick, Mills and John Doe knowingly and intentionally failed to intercede to prevent the violation of the Plaintiff's rights.

27.     At all relevant times, the Defendants Officers Nick, Mills and John Doe:

   a.   Wore apparel of the Prince George's County Police Department;

   b.   Used the resources of the Prince George's County Police Department;

   c.   Were on active duty as officers of the Prince George's County Police Department;

d.   Acted under their authority as officers of the Prince George's County Police Department; and

e.   Acted under the color of law, statute, ordinance, regulations, custom and usage of Prince George's County.

28.   The Plaintiff suffered significant physical injuries and pain because of the Defendants' conduct.

29.   The Plaintiff suffered extreme and severe emotional distress because of Defendants' conduct. The Plaintiff continues to suffer emotional distress because of the Defendants' conduct.

30.   The Plaintiff has been subjected to ridicule and disparagement because of the Defendants' conduct. The Plaintiff continues to suffer emotional distress because of the Defendants' conduct.

## CLAIMS FOR RELIEF

**First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth, Fifth and Fourteenth Amendments**
(Against Defendants Officer Nick, Officer Mills and John Doe Officer)

31.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

32.   42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

33.    Plaintiff in this action is a citizen of the United States and all of the individual Defendant officers to this claim are persons for purposes of 42 U.S.C. § 1983.

34.    All individual Defendant officers to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Prince George's County police officers and their acts or omissions were conducted within the scope of their official duties or employment.

35.    Plaintiff was not a threat to the safety of the police, himself or others.

36.    Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

37.    Plaintiff also had a clearly established Constitutional right under the Fifth and Fourteenth Amendments of the U.S. Constitution to bodily integrity and to be free from excessive force by law enforcement.

38.    Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

39.    Defendant Officers Nick, Mills and John Doe's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth, Fifth and Fourteenth Amendments rights of the Plaintiff.

40.    Defendant Officers Nick, Mills and John Doe's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by Defendant Officers Nick, Mills and John Doe shocks the conscience and violated the Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

41.    Defendant Officers Nick, Mills and John Doe failed to take reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force employed by their fellow Officers.  Defendant Officers Nick, Mills and John Doe are therefore liable for the injuries and damages resulting from the objectively unreasonable and conscious shocking force employed by their fellow Officers.

42.    Defendant Officers Nick, Mills and John Doe engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

43.    Defendant Officers Nick, Mills and John Doe did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

44.    The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

45.    The individual Defendants acted in concert and joint action with each other.

46.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

47.    Defendant Officers Nick, Mills and John Doe are not entitled to qualified immunity for the complained of conduct.

48.    As a proximate result of Defendant Officers Nick, Mills and John Doe's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses.

9

Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

49.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

50.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a)    RULES that the actions of the Defendants violated the rights of the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the District of Columbia;

(b)    ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $1,000,000.00;

(c)    ENTER JUDGMENT awarding punitive damages against the Defendants Officer Nick, Officer Mills and other unnamed officers in an amount of $1,000,000.00;

(d)    ENTER JUDGMENT awarding Plaintiff costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e)    GRANT the Plaintiff any such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

THE COCHRAN FIRM, CD/CRS

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
1001 L. Street SE
Washington D.C. 20003
Tel: 202-331-0793
Fax: 202-331-7004

11